**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TODD R. SMITH, | 3:07-cv-00396-RCJ-WGC |
| Plaintiffs, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| EDWARD P. OWENS, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

James D. Molder is one of the original defendants in this case as well as a counterclaimant and cross-claimant. On September 27, 2012, Mr. Molder filed a notice that he had entered into bankruptcy and the case was stayed while the bankruptcy case proceeded. (*See* Doc. # 146.)[1]

On January 22, 2013, Plaintiff filed a notice that Mr. Molder had been granted a discharge from bankruptcy. (Doc. # 147, Doc. # 147-1.) A status conference was held on February 20, 2013, and the court addressed with counsel the impact the discharge from

---
[1] Refers to court's docket number.

1

bankruptcy would have on further proceedings. (*See* Docs. # 149, # 150.) While the consensus was that the claims *against* Mr. Molder would be terminated, there was no definitive conclusion as to whether any claims survived bankruptcy which might be asserted by the United States Trustee, Christina Lovato, on behalf of the debtor, or by Mr. Molder himself. (*See* Doc. # 150.) As a result, the court directed the parties to file memoranda regarding the status of the case relative to Mr. Molder, and requested that the Trustee file a similar report. (*Id*.) A further status conference was scheduled for March 25, 2013. (*Id*.)

The parties submitted their statements (Docs. # 151 and # 153) and the court received a letter from the Trustee indicating she was declining to assert any claim on debtor James D. Molder's behalf and was abandoning any such claims to the debtor (Doc. # 156). In addition, at the March 25, 2013 status conference, Mr. Wicker, who previously represented Mr. Molder, represented that he received an e-mail from Mr. Molder indicating that he had no interest in participating in this lawsuit and did not object to the dismissal of any cross-claims or counterclaims. (*See* Doc. # 157.) Plaintiff indicated he had no objection to the dismissal of Mr. Molder as a party to this action. (*Id*.)

In light of the bankruptcy discharge which resulted in a dismissal of the claims against Mr. Molder by operation of law, the report of the Trustee declining to assert any claims on behalf of Mr. Molder and the representations by Mr. Wicker that Mr. Molder was abandoning any claims, the court recommended that Mr. Molder be dismissed as a party to this action. (*Id*.) The court advised the parties of their right to file an objection to the recommendation for dismissal pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules. (*Id*.)

As a result of the findings made at the March 25, 2013 hearing, the court issues the instant formal Report and Recommendation for dismissal of Mr. James D. Molder from this action.

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **<u>DISMISSING</u>** Mr. James D. Molder as a party to this action.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: October 11, 2013.

_____
**WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE**